UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEANDRE R. TATE, | ) | CASE NO. 1:10 CV 2877 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LINDA GILLESPIE, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Deandre R. Tate filed this action under 42 U.S.C. § 1983.  The Complaint identifies two defendants:  Nurse Prevot, who is employed as a nurse at Lake Erie Correctional Institution, and Linda Gillespie, who is a Health Care Administrator at Lake Erie Correctional Institution.  In the Complaint, plaintiff alleges the defendants were deliberately indifferent to his serious medical needs.  He seeks monetary damages.

## Background

Mr. Tate alleges he had an allergic reaction to the drug Sulphatrim on December 18, 2009.  He was taken to the hospital unit within the prison where he was treated for six days.  Although he claimed his condition could have been life threatening, his requests to be transported to an outside hospital were denied.  He asserts the defendants were deliberately indifferent to his serious medical needs.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMillian*, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

    As a threshold matter, Mr. Tate fails to establish the objective component of his claim.  To satisfy this element of his Eighth Amendment claim, he must establish that a sufficiently serious deprivation has occurred.  *Wilson*, 501 U.S. at 298.  He alleges he suffered an allergic reaction but also states he received treatment for his condition.  Although he contends it would have been preferable to have been transported to an emergency room because his condition could have deteriorated, he does not claim that the treatment he received was ineffective or inadequate.  He has not established that a serious deprivation of medical treatment occurred.

    In addition, Mr. Tate has not established the defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment.  An official acts with deliberate indifference when she "acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 837.  Mere negligence will not suffice.  *Id.* at 835-36.  Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim.  Moreover, "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976).  Even if Mr. Tate had alleged facts to reasonably suggest he

should have been taken to an emergency room outside the prison, there is no indication in the Complaint that the defendants acted with a sufficiently culpable mental state needed to set forth a claim of constitutional dimension.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/2/11

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-4-